UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAMMY BLAKEY and FLYING T RANCH, INC.,<br><br>Defendants. | No. 23-1910<br><br>COMPLAINT |

The United States of America ("United States" or "Plaintiff"), through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action under Clean Water Act ("CWA" or "the Act") Section 309(b) and (d), 33 U.S.C. § 1319(b) and (d). The United States seeks injunctive relief and civil penalties against Tammy Blakey, and Flying T Ranch, Inc. ("Defendants"), for violating CWA Section 301(a), 33 U.S.C. § 1311(a), by discharging pollutants, such as dredged material and/or fill material, into waters of the United States, including the North Fork Stillaguamish River on property owned by Flying T Ranch, Inc., on 18808 State Route 530 NE, Arlington, Washington (Snohomish County parcel number 20612-003-008-00) and adjacent properties (collectively, the "Site"), without a permit issued by the U.S. Army Corps of Engineers under CWA Section 404, 33 U.S.C. § 1344.

UNITED STATES' COMPLAINT
No. 23-1910

Page 1

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-6390

2. In this action, the United States seeks to require Defendants to: (1) remove the unauthorized fill material, restore riparian habitat, and provide compensatory mitigation for damages and injuries to the affected waters of the United States at their own expense and under the direction of EPA and/or the U.S. Army Corps of Engineers, and (2) pay civil penalties as provided in CWA Section 309(d), 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the United States District Court for the Western District of Washington under CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because the Defendants conduct business in this District, the Site is located in this District, and the cause of action alleged herein arose in this District.

5. Notice of the commencement of this action has been provided to the State of Washington in accordance with CWA Section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6. The Plaintiff is the United States of America. The United States Department of Justice is vested with the authority to bring this action under 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

7. Defendant Flying T Ranch, Inc., is a limited liability company registered in the State of Washington. It was formed on May 31, 1991. Its most recent annual report filed with the Washington Secretary of State lists its principal address as 18808 State Route 530 NE, Arlington, Washington. Flying T Ranch, Inc., is a commercial farming operation that breeds livestock and conducts other farming activities. Flying T Ranch, Inc.'s operations include the

UNITED STATES' COMPLAINT
No. 23-1910

Page 2

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-6390

property located at 18808 State Route 530 NE, Arlington, Washington. Upon information and belief, Flying T. Ranch, Inc., contracted for, controlled, and/or directed the activities that discharged pollutants to waters of the United States without a CWA Section 404 permit.

8. Defendant Tammy Blakey, whose principal address is 18808 State Route 530 NE, Arlington, Washington, is a member and/or governor of Flying T Ranch, Inc. Upon information and belief, Ms. Blakey exercised control over the activities that discharged pollutants to waters of the United States without a CWA Section 404 permit. According to Snohomish County records, Ms. Blakey a/k/a Flying T Ranch, Inc., is the owner of the property located at 18808 State Route 530 NE, Arlington, Washington.

9. Each Defendant is a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5).

10. At all times relevant to this Complaint, as discussed further below, Defendants were responsible for the discharges of pollutants into waters of the United States without the required CWA permit at the Site.

**STATUTORY BACKGROUND**

11. The CWA's purpose is "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

12. CWA Section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant, including dredged or fill material, by any person from any point source to navigable waters unless that discharge is authorized by a permit issued under CWA Section 402 or 404, 33 U.S.C. §§ 1342 or 1344.

13. CWA Section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the U.S. Army Corps of Engineers, to issue permits for the discharge of dredged

UNITED STATES' COMPLAINT
No. 23-1910

Page 3

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-6390

or fill material to navigable waters at specified disposal sites, after notice and opportunity for public comment.

14. CWA Section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

15. CWA Section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, *inter alia,* dredged spoil, rock, sand, and cellar dirt.

16. CWA Section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

17. 33 C.F.R. § 328.4(c) states that the United States' regulatory jurisdiction over "waters of the United States" for non-tidal waters, which includes rivers, "extends to the ordinary high water mark."

18. CWA Section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

19. CWA Section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual, corporation, partnership, [or] association . . . "

20. CWA Section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA Section 301(a).

21. In an action brought under CWA Section 309(b), 33 U.S.C. § 1319(b), Section CWA Section 309(d), 33 U.S.C. § 1319(d), authorizes the district court to impose civil penalties on any person who violates CWA Section 301(a).

UNITED STATES' COMPLAINT
No. 23-1910

Page 4

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-6390

**GENERAL ALLEGATIONS**

22. The Site consists of three contiguous properties: (1) 18808 State Route 530 NE, Arlington, WA 98223, identified by Snohomish County as tax parcel number 320612-003-008-00, which is owned by Flying T Ranch, Inc. a/k/a Tammy Blakey; (2) tax parcel number 320612-003-013-00, which, at the time of the unauthorized discharges, was owned by the Clara Anderson Family Ltd. Partnership; and (3) tax parcel number 320612-003-012-00, which, at the time of the unauthorized discharges, was owned by Snohomish County.  The Stillaguamish Tribe of Indians is the current owner of tax parcel numbers 320612-003-013-00 and 320612-003-012-00.

23. The Site includes shoreline along the North Fork Stillaguamish River.

24. The North Fork Stillaguamish River is a relatively permanent standing or continuously flowing body of water and is approximately 45 miles long.  The North Fork Stillaguamish River and South Fork Stillaguamish River form the mainstem of the Stillaguamish River, which flows into Puget Sound and the Pacific Ocean, a territorial sea.

25. The North Fork Stillaguamish River is a traditional navigable water that is navigable-in-fact, and has been and is used in interstate and foreign commerce.

26. The North Fork Stillaguamish River provides spawning and rearing habitat for Chinook salmon, steelhead trout, and bull trout, which are listed as threatened under the Endangered Species Act, 16 U.S.C. § 1531, *et seq*.  The North Fork Stillaguamish River is designated as critical habitat for these species.  50 C.F.R. § 226.212 (salmon and steelhead trout); 75 Fed. Reg. 63898 (Oct. 18, 2010) (bull trout).

27. The State of Washington has listed the North Fork Stillaguamish River as an impaired waterbody under CWA Section 303(d), 33 U.S.C. § 1313(d), for exceeding the

UNITED STATES' COMPLAINT
No. 23-1910

Page 5

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-6390

turbidity water quality standards for aquatic life within approximately 0.25 miles downstream from the Site.

28. On or before December 14, 2018, at Ms. Blakey and/or Flying T Ranch, Inc.'s behest and direction, Andrew Floe, who is now deceased, staged approximately 120 cubic yards (*i.e.,* 12-15 truckloads) of quarried rock, concrete rubble or debris, woody debris, and other materials at the Site landward of the ordinary high water mark along the bank of the North Fork Stillaguamish River.

29. In or around January 2019, at Ms. Blakey and/or Flying T Ranch, Inc.'s behest and direction, Mr. Floe used motorized equipment (*e.g.*, dump truck, bulldozer, and/or tractor) to discharge the fill materials previously staged along the bank of the North Fork Stillaguamish River into the river below the ordinary high water mark.

30. Ms. Blakey paid Mr. Floe at least $2,000 to conduct this work.

31. Ms. Blakey has stated that this work was necessary to protect a power pole on the Site from the River.

32. The Stillaguamish Tribe of Indians was the first to report the unauthorized discharge to authorities.  The Tribe maintains Tribal Treaty Rights establishing usual and accustomed fishing sites on the North Fork Stillaguamish River.

33. Neither of the Defendants obtained a CWA Section 404 permit from the U.S. Army Corps of Engineers for the discharges of fill material below the ordinary high water mark of the North Fork Stillaguamish River at the Site.

34. On August 6, 2019, the Snohomish County Department of Planning and Development Services issued a Notice of Violation to Ms. Blakey for: (a) land disturbing activity without a permit along the Stillaguamish River, including grading, importing, and excavation

UNITED STATES' COMPLAINT
No. 23-1910

Page 6

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-6390

(Snohomish County Code Sections 30.63B.030 and 30.63B.070); and (b) development in a flood hazard area along the Stillaguamish River, including placement of imported fill, excavation, and clearing without a permit (Snohomish County Code Sections 30.43C.020).

35. Ms. Blakey appealed the Notice of Violation. On December 23, 2019, the Snohomish County Hearing Examiner denied Ms. Blakey's appeal from the Notice of Violation for armoring the riverbank at the power pole and upstream from the power pole (Snohomish County Code Sections 30.43C.020). The Hearing Examiner affirmed Ms. Blakey's appeal from the Notice of Violation for land disturbing activity upland from the power pole (Snohomish County Code Sections 30.63B.030 and 30.63B.070). Snohomish County has issued fines to Ms. Blakey in the amount of $36,000, which remain unpaid as of November 2023.

36. In addition, the Washington Department of Natural Resources has requested at least six times that Ms. Blakey remove the unauthorized fill materials placed along the North Fork Stillaguamish River, which is State owned aquatic land (Revised Code of Washington 79.02.300).

37. Ms. Blakey has failed to remove the unauthorized materials. As a result, the Washington Department of Natural Resources placed Flying T Ranch, Inc., in Unauthorized Use and Occupancy status, for which the Department assesses a monthly fee of $580.74 until the unauthorized fill material is removed. As of November 2023, outstanding fees assessed to Flying T Ranch, Inc., for the unauthorized use of the bank totaled $23,665.38.

38. As of the filing of this Complaint, the fill material remains in place along the shoreline below the ordinary high water mark of the North Fork Stillaguamish River.

39. Neither of the Defendants has taken corrective action and/or provided compensatory mitigation for the direct and temporal losses to waters of the United States.

UNITED STATES' COMPLAINT
No. 23-1910

Page 7

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-6390

**CLAIM FOR RELIEF:**
**UNAUTHORIZED DISCHARGES OF DREDGED OR FILL MATERIAL**
**(33 U.S.C. § 1311(a))**

40. The United States repeats and realleges the allegations in Paragraphs 1 through 39.

41. Through the activities described in paragraph 29, Defendants discharged, made the decision to discharge, and/or directed or otherwise controlled the discharge of dredged or fill material along the shoreline below the ordinary high water mark of the North Fork Stillaguamish River.

42. The dredged or fill material included, among other things, quarried rock, concrete rubble or debris, woody debris, all of which constitute "pollutants" as defined in CWA Section 502(6), 33 U.S.C. § 1362(6).

43. The motorized equipment that Defendants used, made the decision to use, and/or directed or contracted to be used to discharge the dredged or fill material at the Site constitute "point sources" as defined in CWA Section 502(14), 33 U.S.C. § 1362(14).

44. Neither Defendant obtained a CWA Section 404 permit from the U.S. Army Corps of Engineers for the discharges of dredged or fill material at the Site, in violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

45. The discharges of dredged or fill material at the Site violated and continue to violate CWA Section 301(a), 33 U.S.C. § 1311(a).

46. The violations of the CWA have caused ongoing damages and injury to the aquatic environment of the North Fork Stillaguamish River.

47. Holding Defendants liable for the violations of the CWA is necessary to prevent further injuries to the North Fork Stillaguamish River.

UNITED STATES' COMPLAINT
No. 23-1910

Page 8

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-6390

48. Each day that the dredged or fill material remains in the waters at the Site constitutes a separate violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

49. Unless this Court compels Defendants to restore the affected waters to their pre-fill condition, Defendants are likely to allow dredged or fill material to remain in the North Fork Stillaguamish River in violation of CWA Section 301, 33 U.S.C. § 1311.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

I. Permanently enjoin Defendants from discharging dredged or fill material or other pollutants to any water of the United States except in compliance with a CWA permit;

II. Order Defendants to undertake measures to completely restore the waters of the United States at the Site to their pre-fill condition at Defendants' own expense and under the direction of EPA and/or the United States Army Corps of Engineers, and to provide mitigation for injuries to such waters;

III. Order Defendants to pay civil penalties, pursuant to CWA Section 309(d), 33 U.S.C. § 1319(d), per day for each violation of CWA Section 301(a);

IV. Award the United States costs and disbursements, including expert witness fees, incurred in this action; and

V. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

*/s/ Laura J. Glickman*
LAURA J. GLICKMAN

UNITED STATES' COMPLAINT
No. 23-1910

Page 9

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-6390

1
2
3
4
5
6

BRIAN S. UHOLIK
Environmental Defense Section
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-6390 (Glickman)
(202) 305-0733 (Uholik)
laura.glickman@usdoj.gov
brian.uholik@usdoj.gov

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES' COMPLAINT
No. 23-1910

Page 10

U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-6390