UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>TAMMY BLAKEY, *et al.*,<br><br>   Defendants. | Case No. C23-1910-RSM<br><br>ORDER DENYING DEFENDANTS'<br>MOTION TO AMEND |

This matter comes before the Court on the Motion to Amend the answers and affirmative defenses filed by Defendant Tammy Blakey and Defendant Flying T Ranch, Inc. (collectively, "Defendants"). Dkt. #26. The Government opposes. Dkt. #32.

This case began on December 13, 2023, and amended pleadings were due by April 18, 2024. Dkts. #1, #10. After no timely demand for a jury trial was made, the Court set this matter for bench trial on March 21, 2024. Defendants filed their Answers on February 13, 2024. Dkts. #6, #7. Trial and related discovery dates were delayed several times pending settlement and government shutdown, but the amended pleadings deadline was not changed. Dkts. #12, #13, #14, #15, #19, #21, #22, #23, #24, #25.

Defendants now seek to add several affirmative defenses, amend defenses and

ORDER DENYING MOTION TO AMEND - 1

admissions, and demand a jury trial. Dkt. #26. Defendants contend that certain responses by the Government "at or near the very end of the 'fact discovery' window . . . give Defendants great pause[,]" that "Defendants' counsel did not substitute into this case until September of 2024," and that "the case to date has been focused on pursuing settlement" necessitate these late changes. *Id*. at 3, 5-6. Defendants also argue that it was "[n]ot until the end of May 2025 at the end of the exchange of documentary discovery from the United States did certain facts become clear supporting the additional affirmative defenses." *Id*. at 6.

The Government contends that "every new affirmative defense save one could have been asserted in Defendants' original answer because they are not based on new information." Dkt. #32 at 3. The "one," the Government argues, "incorrectly characterizes a Memorandum for Record produced by the United States" and Defendants did not serve their discovery requests until March 25, 2025. *Id*. at 4. The Government further points out that the settlement stay "lasted only about five months," argues that the "new denials are patently based on changes to Defendants' legal strategy, not new information," and that "Defendants fail to explain how they have less information now than when they filed their answer." *Id*. at 5.

A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing

amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson*, 975 F.2d at 607. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Here, Defendants seek to amend pleadings well over a year past the deadline and longer still since originally filing them. Defendants contend that "there is still ample time[,]" but fact discovery deadlines have passed, and trial is scheduled for mere months from now. Dkt. #36 at 10. Defendants' contention that that "[g]ood cause exists" because "discovery is far from over, and there is no unfair surprise or prejudice to" the Government is unconvincing. *Id*. at 9. Overall, the Court agrees with the Government that Defendants sat on the facts giving rise to these amendments for months, and their suggested reasons for delay are either irrelevant or simply demonstrate undue delay by Defendants. Considering all of the briefing and the record, the Court finds that Defendants have not been diligent in filing a Motion that requires amending the scheduling order. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393,

1398 (9th Cir. 1986) (holding that "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment"). This alone is dispositive and requires denying the instant Motion. Even under a Rule 15 standard, the Court would deny the Motion due to Defendants' undue delay and the clear prejudice to the Government. Accordingly, the Court will deny Defendants' Motion.

On the jury trial demand, a party must serve such demand "no later than 14 days after the last pleading directed to the issue is served[.]" Fed. R. Civ. P. 38(b)(1). "A party waives a jury trial unless its demand is properly served and filed." *Id*. at 38(d). Because the Court denies this Motion, Defendants' demand for a jury trial was due over a year ago, thus the Court set a bench trial in this Matter. Accordingly, the Court will deny Defendants' jury trial demand.

Given all of the above, and having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Amend the Answer and Affirmative Defenses, Dkt. #26, is DENIED.

DATED this 30th day of December, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE