UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>TAMMY BLAKEY and FLYING T RANCH, INC.,<br><br>   Defendants. | Case No. C23-1910-RSM<br><br>ORDER DENYING DEFENDANTS' MOTION TO WITHDRAW AND AMEND ANSWERS TO REQUESTS FOR ADMISSIONS |

This matter comes before the Court on the Motion to Withdraw and Amend Answers to Requests for Admissions filed by Defendant Tammy Blakey and Defendant Flying T Ranch, Inc. (collectively, "Defendants"). Dkt. #27. The Government opposes. Dkt. #31.

The fact discovery cutoff in this case passed almost seven months ago, with expert discovery closing this month, and trial is set for April 27, 2026. Dkt. #25. After staying the case to explore settlement (without pausing discovery), the parties bifurcated discovery to reach an earlier determination on liability and significantly limit the issues in this case. Dkt. #19. On December 20, 2024, the Government served requests for nine admissions on Defendants, which focused on the Government's prima facie liability case. Dkt. #33, Ex. A at 24-25, 30-31. After a thirty-day extension to respond, Defendants admitted all nine requests. Dkts. #27-1, #33, Ex. B at 51. On June 9, 2025, Defendants filed the instant Motion, ten days after the fact discovery deadline of May 30, 2025.

A "matter" admitted under Federal Rule of Civil Procedure 36 is considered "exclusively

established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id*. This rule is permissive, thus if the Court finds that Rule 36(b)'s elements are met, the Court *may* permit withdrawal. *See Colon v. United States*, 474 F.3d 616, 624-25 (9th Cir. 2007).

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). The second half provides that "[t]he party relying on the deemed admission has the burden of proving prejudice." Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007).

Defendants assert that, without leave to withdraw and amend, their "case will suffer irretrievable harm" because the contended admissions make "factual assumptions about ownership and jurisdictional assumptions that are [the] subject of dispute." Dkt. #27 at 5-6. The Government argues that "Defendants have never asserted a legal or factual basis to contest the United States' prima facie case on liability" but "have consistently asserted that they are not liable because of certain affirmative defenses or jurisdictional arguments[.]" Dkt. #31 at 6. Thus, Defendants' "arguments remain live issues in this case" because Defendants' admissions only get to liability, not "jurisdiction or any affirmative defense." *Id*. The Government contends that Defendants' request here is not based on "newly discovered facts that would resist . . . liability, but a change in litigation strategy that continues to relate to jurisdictional arguments and affirmative defenses." *Id*.

As the Government states, Defendants' admissions here likely end any determination on the merits of liability, and the Government concedes that there is no prejudice. Dkt. #31 at 5.

However, the merits of this case are not "practically eliminated" because all other issues but liability remain. Furthermore, although Rule 36's two factors are necessary for withdrawal, "the text of Rule 36(b) is permissive. . . . Therefore, when a district court finds that the merits of the action will be subserved and the nonmoving party will not be prejudiced, it 'may' allow withdrawal, but is not required to do so[.]" *Conlon*, 474 F.3d at 624-25. The Court "may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Id*. at 625.

Defendants' basis for withdrawing and amending their admissions is "factual assumptions about ownership and jurisdictional assumptions that are [the] subject of dispute." Dkt. #27 at 5-6. The Court agrees with the Government, however, that the Requests for Admissions provided in December 2024 "included lengthy definitions" that Defendants had "ample time" to meet and confer on, possibly resolve, or object to before the discovery deadline. Dkt. #31 at 7. Instead, Defendants provided these admissions months after receiving them and after an extension that doubled their allotted response time, they provide no reasoning for delaying the instant Motion, and there is no indication that "the United States used a request for admissions to gain an unfair tactical advantage." *Conlon*, 474 F.3d at 625. Accordingly, the Court will deny Defendants' Motion.

Having reviewed the instant Motion, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Leave to Withdraw and Amend Answers to Requests for Admissions, Dkt. #27, is DENIED.

DATED this 30th day of December, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE