UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. C23-1910-RSM |
| Plaintiff, | ORDER DENYING DEFENDANT BLAKEY'S MOTIONS FOR RECONSIDERATION |
| v. | |
| TAMMY BLAKEY, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant Tammy Blakey's six Motions for Reconsideration, Dkts. #77, #78, #79, #80, #81, and #82, all filed on January 19th, 2026, and her Motion to Withdraw Dkts. #77, #78 and #79, filed on January 22, 2026, at Dkt. #83. The Court has determined that response briefs are unnecessary. *See* LCR 7(h)(3).

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being

ORDER DENYING DEFENDANT BLAKEY'S MOTIONS FOR RECONSIDERATION - 1

brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

Defendant Blakey takes issue with the Court's January 14, 2026, Order, Dkt. #76. The Court finds that Ms. Blakey fails to demonstrate manifest error or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Ms. Blakley argues the Court erroneously relied on a statement in briefing from the Government in concluding that "the Corps referred this matter to the Environmental Protection Agency and the Department of Justice" without herself pointing to any evidence that the matter was not referred to the Environmental Protection Agency and the Department of Justice. *See* Dkt. #80 at 2. At this juncture, the burden is on Ms. Blakley to demonstrate manifest error, and she has failed to do so. Ms. Blakey takes issue with certain other facts and cases cited by the Court without demonstrating that such resulted in manifest error in the Court's rulings. Ms. Blakey fails to demonstrate error in this Court's finding of subject matter jurisdiction. Ms. Blakey disagrees with the Court's ruling as to the disqualification of Dr. Lyndon Lee without pointing to manifest error. *See* Dkt. #81. Ms. Blakey states that "[a] more thorough analysis of the content and context of [certain evidence] is necessary to address the Defendant's concerns…" without pointing to case law supporting that position; the Court is free to review the evidence presented by the parties and reach a ruling without going through evidence line by line in its orders. *See id*. at 2. Ms. Blakey disagrees with the Court's decision, in its discretion, to deny her request for a stay but fails to point to manifest error in that ruling. *See* Dkt. #82. With these and similar arguments, Ms. Blakey has not demonstrated manifest error, and the Court stands by its prior rulings.

The Court has compared the Motions for Reconsideration at Dkts. #80, #81, and #82, and finds that they are identical to the Motions at #77, #78, and #79, but with revised noting dates. The Court will therefore grant Ms. Blakey's Motion to withdraw the first three Motions. The

Court advises the parties to refrain from filing duplicative motions.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Blakey's Motions for Reconsideration, Dkts. #80, #81, and #82, are DENIED.  The Motion to Withdraw at Dkt. #83 is GRANTED and the Motions at Dkts. #77, #78, and #79 are therefore STRICKEN.

DATED this 23rd day of January, 2026.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE