UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

              Plaintiff,

        v.

TAMMY BLAKEY, *et al.*,

              Defendants.

Case No. C23-1910-RSM

ORDER RE: DEFENDANTS'
MOTIONS

      This matter comes before the Court on Defendant Flying T Ranch, Inc. ("FTR")'s Motions for Reconsideration, Dkts. #74 and #75, and Defendant Blakey's Motion to Quash, Dkt. #98. The Court has determined that response briefs for the reconsideration motions are unnecessary. *See* LCR 7(h)(3).

      "Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

      First, Defendant FTR takes issue with the Court's January 13, 2026, Order, Dkt. #71, denying Defendants' request to amend answers and affirmative defenses. Dkt. #74. The Court

ORDER RE: DEFENDANTS' MOTIONS - 1

finds that Defendant FTR fails to demonstrate manifest error or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Defendant argues that the Court's finding of prejudice is "manifest error," but the Court acknowledged in its Order that prejudice "is not required to deny a motion to amend under Rule 16(b)." Dkt. #71 at 3. Defendant's argument that the Court committed "manifest error in finding Defendant 'sat on the facts,'" Dkt. #74 at 6, is similarly unavailing, as the Court already considered Defendant's diligence argument. *See* Dkt. #71 at 3. The burden is on Defendant FTR to demonstrate error, but Defendant fails to demonstrate anything other than disagreeing with the Court's decision. Accordingly, the Court will deny Defendant's reconsideration request and need not address Defendant's subsequent arguments.

Second, Defendant FTR challenges the Court's Order, Dkt. #72, denying Defendants' request to withdraw and amend answers to requests for admissions. Dkt. #75. Again, the Court finds that Defendant fails to demonstrate any manifest error or new facts or legal authority. Defendant fails to show that the Court committed manifest error through reliance on an incorrect trial date that allegedly "materially affected its prejudice and timeliness analysis." *Id*. at 4-5. Rather, as detailed in the Court's Order and unrefuted by Defendant, the Court relied on, *inter alia*, the discovery deadline of May 30, 2025. Defendant's argument that "the case schedule was being reissued and discovery was not fully concluded," as well as arguments of timeliness under Rule 26(e), are incorrect and/or unpersuasive, as the case schedule was not modified until months later, the relevant deadlines did not change, and these arguments show no manifest error in the Court's decision. *Id*. at 5. Furthermore, Defendant's Rule 36(b) argument was already considered by the Court. *See id*. at 5-6, Dkt. #27 at 4-7. As the Court previously stated, Rule 36(b) is permissive, allowing the Court to grant withdrawal and amendment, not requiring it to

ORDER RE: DEFENDANTS' MOTIONS - 2

do so.  Defendant disagrees with the Court's previous decision, which does not demonstrate manifest error.  Accordingly, the Court will also deny this request.

Finally, on March 19, 2026, Defendant Blakey filed a Motion to Quash the subpoenaed deposition notice of Defendants' expert witness, Gerald Painter, alleging that Mr. Painter was too ill to attend his scheduled deposition on March 20, 2026.  Dkt. #98.  In response, the Government states that Mr. Painter's deposition was rescheduled and occurred on March 27, 2026.  Dkt. #103 at 5.  Defendant requests that the Court strike the Motion.  Dkt. #107.  Accordingly, the Court will strike this Motion as moot.

Having considered the instant Motions, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS:

(1)    Defendant FTR's Motions for Reconsideration, Dkts. #74 and #75, are DENIED.

(2)    Defendant Blakey's Motion to Quash, Dkt. #98, is STRICKEN as moot.

DATED this 8th day of April, 2026.

_____
Ricardo S. Martinez
United States District Judge

ORDER RE: DEFENDANTS' MOTIONS - 3