The Honorable Ricardo S. Martinez

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

UNITED STATES OF AMERICA,

Plaintiff,

v.

TAMMY BLAKEY, et al.,

Defendants.

No. 2:23-cv-01910-RSM

**UNITED STATES' MOTION FOR ORDER GOVERNING FURTHER PROCEEDINGS**

Noting Date: July 28, 2026

The United States respectfully moves for an order governing further proceedings that would postpone trial until no earlier than 60 days after the Court rules on the Parties' pending cross-motions for summary judgment and *Daubert* motions. *See* Dkt. Nos. 84, 86, 105, 110, 111. In support of this motion, the United States states as follows:



U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 598-1869

1. The Court entered the current and operative scheduling order on January 14, 2026. Dkt. No. 76. All deadlines in that schedule, other than trial, have passed.

2. Motions for summary judgment and *Daubert* motions were due April 19, 2026. *Id.*

3. Defendants Tammy Blakey and Flying T Ranch, Inc., timely filed motions for summary judgment. Dkt. Nos. 84, 110. The United States timely cross-moved for summary judgment solely on liability. Dkt. No. 86. Ms. Blakey also timely moved to disqualify United States expert Dr. Lyndon Lee. Dkt. No. 105. The United States timely moved to exclude defense expert Mr. Gerald Painter. Dkt. No. 111. All of those motions are opposed.

4. Under the current schedule, a one-week trial is scheduled to begin on August 31, 2026, or 55 days from the date of this filing. Dkt. No. 76.

5. This Court "has discretion to grant a motion for continuance as part of its inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly manner. Continuing pretrial and trial dates is within the discretion of the trial judge." *St. George v. Sequim Sch. Dist.*, No. 18-CV-05372-RJB, 2018 WL 6518118, at *1 (W.D. Wash. Dec. 11, 2018) (citing *King v. State of California*, 784 F.2d 910, 912 (9th Cir. 1986)).

6. The scope of the scheduled trial is currently unknown and is likely to significantly expand or contract depending on the Court's rulings on the pending motions. For instance, if the Court grants either Ms. Blakey or Flying T's motions for summary judgment, there will be no need for trial at all. If the Court grants the United States's motion for summary judgment on liability, in whole or in part, it will significantly reduce the volume of evidence and necessary length of the trial, and it may also allow the Court to resolve this case without the need for a trial through remedy briefed on the papers. Such as ruling will, at a minimum, focus the issues in dispute for the Court to rule on.

7. Likewise, if the Court grants or denies the pending *Daubert* motions, it will significantly affect the Parties' trial preparation time and cost as they prepare expert witnesses to



U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 598-1869

testify and prepare to impeach the other party's experts.

8. In addition to narrowing the issues before the Court and thereby conserving judicial and party resources, experience has shown that ruling on liability or other issues before trial may significantly advance settlement talks, which are currently at an impasse. *See, e.g.*, *United States v. Electron Hydro, LLC*, No. 2:20-cv-1746-JCC, Dkt. No. 150 (W.D. Wash. Sept. 15, 2023) (joint status report filed 15 days after court entered partial summary judgment, informing court of settlement in principle). Thus, even if the Court's orders on the pending motions do not result in a decisive conclusion to this matter, they may facilitate settlement and conserve judicial resources by obviating the need for trial.

9. The United States therefore requests that the Court vacate the current trial date. The United States further submits that a minimum of 60 days would be prudent between the date of the Court's ruling on the motions identified above and any trial date. The United States therefore requests that the Court further order the Parties to meet and confer after the Court rules on the pending motions and submit proposed new trial dates no later than two weeks thereafter.

10. Ms. Blakey opposes this motion.[1]

---

[1] Also pending is Ms. Blakey's motion to stay proceedings filed in April. Dkt. No. 109. The United States opposed that motion at the time because it was duplicative of a motion to dismiss that Defendants filed eight days earlier, which the Court struck as duplicative of previous motions. Dkt. No. 114. However, the United States explained that:

> to the extent Ms. Blakey is seeking to delay trial until the Court rules on the pending motions for summary judgment, Mot. at 8, that request is premature. This Court has ample time between now and trial to issue a summary judgment ruling on liability to ensure that the parties are not litigating issues that should be resolved on the papers. *See* Dkt. No. 76 (trial date is August 31, 2026). *Should this case proceed without such a ruling, the Court and parties can revisit whether trial should be postponed at that time.* But, at this point, four months out from trial, there is no need for delay.

*Id.* (emphasis added). As trial is now less than two months away, the United States submits that a continuance is prudent and will conserve judicial resources. The United States continues to oppose the original basis for Ms. Blakey's motion to stay, which was merely a repackaged motion to dismiss that did not address the stay factors and was duplicative of previous filings.



U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 598-1869

11. Flying T does not oppose this motion but reiterates the United States' request for the parties to propose new dates before trial is scheduled. Counsel for Flying T is unavailable September 8–22, 2026; October 8, 2026; October 30, 2026; and December 15–31, 2026; and requests that if the Court resets the trial date itself, it does not set trial for those dates.

For these reasons, the United States respectfully requests that the Court grant this motion.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources Division

*/s/ Daniel J. Martin*
LAURA J. GLICKMAN
DANIEL J. MARTIN
Environmental Defense Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-3056 (Glickman)
(202) 598-1869 (Martin)
Laura.Glickman@usdoj.gov
Daniel.Martin3@usdoj.gov

*Attorneys for the United States of America*

**CERTIFICATES OF SERVICE AND WORD COUNT**

I certify that on July 7, 2026, I caused this document to be filed through the Court's CM/ECF system, which will send a copy to all parties in this case.

I certify that this document complies with Local Rule 7(e) because, excluding captions, tables of contents, tables of authorities, signature blocks, and certificates of service, it contains 938 words.

*/s/ Daniel J. Martin*
DANIEL J. MARTIN



U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 598-1869