The Honorable Ricardo S. Martinez

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAMMY BLAKEY et al.,<br><br>Defendants. | No. 2:23-cv-01910-RSM<br><br>**DEFENDANT TAMMY BLAKEY'S RESPONSE TO PLAINTIFF'S MOTION TO CONTINUE TRIAL AND CROSS-MOTIION FOR LEAVE TO AMEND RESPONSES TO REQUEST FOR ADMISSION.**<br><br>Calendar Note Date: July 28, 2026 |

## I. INTRODUCTION

Plaintiff has moved for a continuance of the trial, and Defendant Tammy Blakey does not oppose that request. Given that the Court will already be modifying the existing schedule, the continuance provides an appropriate opportunity for the Court to grant Defendant leave, pursuant to Federal Rule of Civil Procedure 36(b), to amend her Responses to Requests for Admission.

The Requests for Admission at issue were answered early in the litigation by Defendant's former counsel, before discovery fully developed Plaintiff's present theories,



**TAMMY BLAKEY**
**18814 SR 530 NE**
**ARLINGTON, WA 98223**
**T: 425-387-1966**
**TB18808@AOL.COM**

expert opinions, and remedial proposals. Since then, discovery has clarified the factual and legal issues in dispute. The present admissions no longer reflect the case as it has developed.

Rule 36(b) permits withdrawal or amendment of an admission when doing so will promote the presentation of the merits and when the party who obtained the admission cannot show prejudice in maintaining the action on the merits. Those requirements are met here. Amendment will allow the case to be decided on the issues actually in dispute, and Plaintiff cannot show the kind of concrete prejudice Rule 36(b) requires.

Accordingly, Defendant respectfully requests that the Court grant Plaintiff's motion to continue trial, and, in the same order, grant Defendant leave to amend her Responses to Requests for Admission.

## II. FACTUAL BACKGROUND

This case has developed substantially since Defendant's original Responses to Requests for Admission were served.

At the time the responses were provided, discovery was still in an early stage, and Plaintiff had not yet fully disclosed the factual and legal theories that now define the litigation. Since then, discovery has revealed that Plaintiff's case turns heavily on its Ordinary High Water Mark theory, the methodology and opinions of its expert, alleged historic armoring, allegations concerning a filled depression, and evolving restoration proposals.

Defendant disputes Plaintiff's characterization of those site conditions and contends such allegations were not known to Defendants when the RFAs were originally answered.



**TAMMY BLAKEY**
**18814 SR 530 NE**
**ARLINGTON, WA 98223**
**T: 425-387-1966**
**TB18808@AOL.COM**

In addition, Plaintiff expressly represented that it does not rely on the alleged wetland as an independent basis for liability. At the same time, Plaintiff continues to rely on alleged aquatic-resource impacts and restoration objectives in support of its requested injunctive relief.

Discovery also established that Plaintiff acknowledges the presence of historic armoring but has not identified what armoring predates Defendant's ownership, what armoring constitutes historic bank protection, or what armoring Plaintiff attributes to Andrew Floe. These distinctions bear directly on liability, causation, and remediation.

Finally, Plaintiff's requested remedy evolved as the litigation progressed. While the Complaint focused primarily on removal of allegedly unauthorized armoring, Plaintiff now proposes restoration activities involving soft armoring, placement of large woody material to protect the bank, and related habitat-restoration measures.

Accordingly, discovery revealed that Plaintiff's present case is driven largely by its OHWM theory, that the OHWM extends over the top of the bank and goes into Defendant's uplands in an oxbow-shape, expert methodology, jurisdictional assertions, historic-armoring contentions, depression-filling allegations, and revised restoration proposals—matters that were not fully known when Defendant's RFA responses were served.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 36(b) provides that a matter admitted is conclusively established unless the Court permits withdrawal or amendment.

The Rule authorizes amendment when:

1. Amendment would promote presentation of the merits of the action; and



**TAMMY BLAKEY**
**18814 SR 530 NE**
**ARLINGTON, WA 98223**
**T: 425-387-1966**
**TB18808@AOL.COM**

2. The party who obtained the admission fails to demonstrate prejudice in maintaining the action on the merits.

The Ninth Circuit has repeatedly emphasized that Rule 36(b) is intended to ensure that cases are resolved on their merits whenever possible. In *Hadley v. United States*, the court held that the first prong of Rule 36(b) is satisfied when enforcing admissions would effectively eliminate presentation of the merits of the case. 45 F.3d 1345, 1348 (9th Cir. 1995).

The Ninth Circuit has further explained that the prejudice contemplated by Rule 36(b) is not simply the burden of proving facts at trial. Rather, prejudice exists only where withdrawal or amendment would impair the opposing party's ability to maintain its case on the merits, such as through the loss of evidence, disappearance of witnesses, or detrimental reliance on the admissions. *Conlon v. United States,* 474 F.3d 616, 622–24 (9th Cir. 2007); *Hadley*, 45 F.3d at 1348.

As the Ninth Circuit explained: "The two-part test of Rule 36(b) emphasizes the importance of having the action resolved on the merits while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." *Hadley,* 45 F.3d at 1348.

**IV. ARGUMENT**

**A. Amendment Will Promote Presentation of the Merits**

The first Rule 36(b) requirement is satisfied.

Plaintiff's claims and theories developed significantly after Defendant's original responses to the Requests for Admission were served. The current admissions were made before



**TAMMY BLAKEY**
**18814 SR 530 NE**
**ARLINGTON, WA 98223**
**T: 425-387-1966**
**TB18808@AOL.COM**

discovery revealed Plaintiff's present OHWM-centered theory, the full scope of its expert opinions, and the extent of its requested remedial relief.

If the admissions are not amended, Defendant may be bound by statements that were made before the issues were fully developed. That would risk preventing resolution of this case on the actual merits. Rule 36(b) was designed to avoid that result.

**B. Plaintiff Has Not Shown Prejudice**

The second Rule 36(b) factor also favors amendment.

Prejudice under Rule 36(b) does not mean merely that Plaintiff would be required to prove facts at trial that might otherwise have been established by admission. It requires a showing of concrete disadvantage, such as lost evidence, unavailable witnesses, or detrimental reliance that would impair Plaintiff's ability to maintain the case on the merits.

Plaintiff cannot make that showing here.

- First, discovery has already closed, and if the Court continues the trial. There is no basis to conclude that amendment would impair Plaintiff's ability to prepare its case.
- Second, Plaintiff has not identified any lost witness, missing document, faded evidence, or similar concrete prejudice caused by the requested amendment.
- Third, the admissions Defendant seeks to amend concern issues that have now been clarified through discovery and do not unfairly surprise Plaintiff regarding core factual proof.

Because Plaintiff has not shown actual prejudice, Rule 36(b) favors amendment.



**TAMMY BLAKEY
18814 SR 530 NE
ARLINGTON, WA 98223
T: 425-387-1966
TB18808@AOL.COM**

**C. The Timing of Defendant's Request Does Not Defeat Relief**

The Court previously noted concerns that the request for amendment was requested too late, and changing these admissions would unfairly disrupt the case as the trial date had already been set. Those concerns do not foreclose relief under Rule 36(b).

Defendant did serve amended and supplemental responses before the close of fact discovery under Rule 26(e) and thereafter sought relief under Rule 36(b). The fact that Defendant did not move sooner does not alter the governing Rule 36(b) analysis, which turns on whether amendment will promote the merits and whether the opposing party will suffer prejudice.

Here, where Plaintiff is requesting a trial continuance, no immediate trial-setting prejudice is shown, granting leave to amend will not unfairly disrupt the litigation.

**D. Rule 26(e) Supports Amendment**

To the extent the Court has concerns regarding the form of Defendant's amended responses, those amendments are fully consistent with **Defendant's obligation under Rule 26(e) to timely supplement or correct discovery responses when it learns that a prior response is incomplete or inaccurate.** Defendant's prior admission concerned fill allegedly placed along the river and did not admit that Defendant placed fill within the separate oxbow area that Plaintiff now seeks to include within the alleged impact area.

Plaintiff's current OHWM theory depends on the assertion that a continuous oxbow-shaped connection existed between the main river channel and Defendant's upland hay field, thereby extending the alleged impact area to locations where Defendant never placed fill. To the



TAMMY BLAKEY
18814 SR 530 NE
ARLINGTON, WA 98223
T: 425-387-1966
TB18808@AOL.COM

extent Plaintiff relies on this expanded theory, **Defendant's prior admission is inaccurate and requires correction under Rule 26(e)**.[1]

Granting leave to withdraw or amend the admissions therefore promotes consistency between Rule 36(b) and Rule 26(e). Denying amendment would improperly bind Defendant to admissions that no longer reflect the factual record as it has been developed through discovery. Permitting amendment ensures that the admissions accurately conform to the evidence and allows the case to be resolved on its merits rather than on statements that subsequent discovery has shown to be incomplete or incorrect.

**E. Continuance Further Reduces Any Possible Prejudice**

Plaintiff seeks a continuance of trial. Defendant does not oppose that request. If the Court finds that additional time is appropriate as requested by Plaintiff for trial preparation, then that same period should also permit Defendant to amend the RFAs, so the case proceeds on the basis of the claims, defenses, expert opinions, factual contentions, and remedial proposals actually developed through discovery.

**F. Plaintiff's Request for a Continuance Further Supports Amendment**

Plaintiff seeks a continuance based in part on the need for resolution of pending motions and the possibility of settlement. Defendant notes that the last written settlement communication received from counsel for the United States stated:

> **"However, if defendants do not accept this offer by September 23, 2025, the United States intends to litigate this matter to completion."**

---

[1] Plaintiff has produced no evidence supporting its assertion that the OHWM extended into Defendant's uplands or that such a river connection existed. Nor has Plaintiff offered photographs, expert analysis, or other admissible evidence demonstrating salmon spawning activity within the hay field or the oxbow area at issue.



TAMMY BLAKEY
18814 SR 530 NE
ARLINGTON, WA 98223
T: 425-387-1966
TB18808@AOL.COM

Defendant relied upon that representation and the vehement opposition to Defendant's motion to stay (Dkt. 109) by Plaintiff (Dkt. 114) in preparing the case for trial.

**G. No Reset of Expired Deadlines**

In addition, Plaintiff acknowledged that "all deadlines in that schedule, other than trial, have passed." (Dkt. 125 at 2.) Likewise, in an email to Flying T's counsel, Tanner Hoidal, dated July 6, 2026, Daniel Martin stated: "Second, yes, we would agree that no deadlines should be reset, including motions in limine." These statements confirm that the parties agreed that previously expired deadlines would not be reopened or reset.

**V. CONCLUSION**

For the foregoing reasons, Defendant Tammy Blakey respectfully requests that the Court:

1. Grant Plaintiff's Motion to Continue Trial;
2. Grant Defendant leave to amend Responses to Requests for Admission pursuant to Rule 36(b);
3. Order that no other deadlines be reset, including motions in limine; and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED this 8th day of July 2026.

*/s/ Tammy Blakey*
Tammy Blakey, Pro Se
18814 SR 530 NE
Arlington, WA 98223
425-387-1966
TB18808@aol.com

**CERTIFICATE OF SERVICE AND WORD COUNT**

I hereby certify that on this 8th day of July 2026, I electronically filed and served the foregoing with the Clerk of the Court for the United States District Court for the Western District of Washington using the CM/ECF system. The word count is 1740 words.

Dated this 8th day of July 2026, at Arlington, Washington.

*/s/ Tammy Blakey*
Tammy Blakey, Pro Se
18814 SR 530 NE
Arlington, WA 98223
425-387-1966
TB18808@aol.com



**TAMMY BLAKEY**
**18814 SR 530 NE**
**ARLINGTON, WA 98223**
**T: 425-387-1966**
**TB18808@AOL.COM**