The Honorable Ricardo S. Martinez

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAMMY BLAKEY et al.,<br><br>Defendants. | No. 2:23-cv-01910-RSM<br><br>**DEFENDANTS TAMMY BLAKEY AND FLYING T RANCH, INC.'S RESPONSE IN OPPOSITION TO OJALA LAW INC., P.S.'S MOTION TO WITHDRAW**<br><br>**NOTE ON MOTION CALENDAR: October 16, 2026** |

## I. INTRODUCTION

Defendant Flying T Ranch, Inc. ("Flying T") respectfully opposes Ojala Law Inc., P.S.'s Motion to Withdraw as counsel of record.

Flying T does not contend that counsel may never withdraw. Rather, Flying T submits that withdrawal at this stage of the litigation would create substantial prejudice, risk delay, and unnecessarily disrupt the orderly administration of this case.



**TAMMY BLAKEY**
**18814 SR 530 NE**
**ARLINGTON, WA 98223**
**T: 425-387-1966**
**TB18808@AOL.COM**

Flying T has not retained substitute counsel. Although the trial date has been vacated, significant matters remain pending before the Court, including dispositive motions, expert-related motions, and newly discovered evidence.

The Court has indicated that a revised schedule will be established after the pending motions are resolved. Those rulings may substantially affect the claims, defenses, experts, and issues that remain in the case. Until those rulings are issued, neither Flying T nor prospective replacement counsel can reasonably assess the scope of future proceedings.

Flying T respectfully requests that the Court defer withdrawal until the pending dispositive and expert-related motions are resolved. Because the Court's rulings may substantially affect the claims, defenses, and issues remaining in this case, any transition of counsel should occur only after those rulings are issued and replacement counsel has a reasonable opportunity to prepare.

## II. RELEVANT PROCEDURAL POSTURE

The United States commenced this action on December 13, 2023. Ojala Law has represented Flying T since approximately September 2024 and has served as counsel through significant portions of the litigation, including discovery, dispositive motion practice, expert-related proceedings, and matters involving Requests for Admission.

The Court subsequently vacated the trial date and related deadlines and indicated that a revised schedule would be established following resolution of pending motions.

Before filing the withdrawal motion, Flying T requested that Ojala Law postpone withdrawal until the Court ruled on the pending dispositive and expert-related motions. Discovery had closed, no trial date was scheduled, and the case was awaiting those rulings.



**TAMMY BLAKEY**
**18814 SR 530 NE**
**ARLINGTON, WA 98223**
**T: 425-387-1966**
**TB18808@AOL.COM**

Several significant matters remain unresolved, including summary judgment motions and motions concerning expert testimony. The Court's rulings may substantially affect the future course of the litigation.

The Requests for Admission remain a critical issue in this litigation. The United States has relied on Defendants' admissions in advancing its liability arguments. Defendants later sought relief from those admissions and amendment of related pleadings, but the Court denied those requests, citing, among other considerations, the untimely nature of the filings after the close of discovery. Because Ojala Law represented Defendants throughout these proceedings, it possesses unique institutional knowledge concerning the admissions, the efforts to amend or withdraw them, and the defense of the Defendants against the resulting liability claims.

## III. LEGAL STANDARD

Under Local Civil Rule 83.2(b), withdrawal of counsel representing a corporate party requires leave of Court. Whether withdrawal should be permitted rests within the Court's discretion.

Courts evaluating motions to withdraw consider:

1. The reasons for withdrawal;
2. The prejudice withdrawal may cause to the parties;
3. The impact on the administration of justice; and
4. Whether withdrawal will delay resolution of the case.

*See Jinni Tech, Ltd. v. RED.com, Inc.*, No. C17-0217-JLR, 2019 WL 2578591, at *2 (W.D. Wash. June 24, 2019); *Curtis v. Illumination Arts, Inc.*, No. C12-0991-JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014).

Washington Rule of Professional Conduct 1.16(c) provides:



**TAMMY BLAKEY**
**18814 SR 530 NE**
**ARLINGTON, WA 98223**
**T: 425-387-1966**
**TB18808@AOL.COM**

> "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."

Accordingly, even where grounds for withdrawal may exist, the Court retains authority to require continued representation where necessary to prevent prejudice and protect the orderly administration of justice.

## IV. ARGUMENT

Withdrawal should be deferred because significant dispositive and expert-related motions remain pending, Flying T has not retained substitute counsel, and immediate withdrawal would create unnecessary prejudice and delay.

The Court has not yet determined which claims, defenses, expert testimony, or issues will remain following resolution of the pending motions. Until those rulings are issued, neither Flying T nor prospective replacement counsel can reasonably assess the scope of future proceedings.

The timing of the motion is particularly significant because matters presently before the Court arise from proceedings handled during Ojala Law's representation, including Requests for Admission and related motions. Ojala Law therefore possesses unique knowledge concerning issues that remain relevant to the Court's pending rulings.

A limited deferral would impose little burden on Ojala Law. Discovery is complete, the trial date has been vacated, and the pending motions have already been briefed. Flying T is not seeking indefinite representation, but only that counsel remain of record until the Court resolves those motions and replacement counsel has a reasonable opportunity to prepare, if necessary.

The Ninth Circuit recognizes that the decision whether to permit withdrawal rests within the Court's discretion and that courts should consider the prejudice withdrawal may cause, the



**TAMMY BLAKEY**
**18814 SR 530 NE**
**ARLINGTON, WA 98223**
**T: 425-387-1966**
**TB18808@AOL.COM**

harm to the administration of justice, and the degree to which withdrawal may delay resolution of the case. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

In *3M Co. v. AIME LLC*, No. 2:20-cv-01096-TL, Order Denying Motions to Withdraw as Counsel, Dkt. 99, at 3 (W.D. Wash. Feb. 9, 2023) (Tsuchida, M.J.), United States Magistrate Judge Brian A. Tsuchida denied motions to withdraw while a summary judgment motion remained pending. Judge Tsuchida explained:

> "Although counsel have suggested reasons why their withdrawal as counsel might be appropriate, **until plaintiff 3M's pending motion for summary judgment is resolved,** granting withdrawal as counsel would delay resolution of this case and be unduly prejudicial to defense counsels' clients, 3M, and the administration of justice."

The same concerns are present here. **Significant summary judgement motions and expert-related motions remain pending**, Flying T has not retained substitute counsel, and the future scope of the litigation remains uncertain until the Court issues its rulings. As in *3M*, permitting withdrawal before the Court resolves those motions would risk prejudice, inefficiency, and unnecessary disruption of the proceedings.

Accordingly, the Court should deny the motion without prejudice or defer the effective date of withdrawal until the pending dispositive and expert-related motions have been resolved and any necessary transition of counsel can occur in an orderly manner.

## V. REQUESTED RELIEF

Flying T respectfully requests that the Court:

1. Deny Ojala Law's Motion to Withdraw without prejudice;
2. Alternatively defer ruling on the motion until the pending dispositive and expert-related motions are resolved;
3. Alternatively defer the effective date of any withdrawal until those rulings are issued;



TAMMY BLAKEY
18814 SR 530 NE
ARLINGTON, WA 98223
T: 425-387-1966
TB18808@AOL.COM

4. Require Ojala Law to remain counsel of record until the Court resolves the pending motions and replacement counsel has a reasonable opportunity to prepare and assume representation;
5. Reject the proposed twenty-one-day transition period as inadequate; and
6. Grant such other and further relief as the Court deems just and proper.

**CORPORATE REPRESENTATIVE STATEMENT**

This filing is submitted solely to advise the Court of Flying T's position regarding Ojala Law's proposed withdrawal and the prejudice that would result if the corporation were left without counsel while significant motions remain pending.

Tammy Blakey is the sole shareholder and authorized representative of Flying T Ranch, Inc. She is not admitted to practice law, does not purport to represent the corporation on the merits of the litigation, and submits this response solely in connection with counsel's motion to withdraw.

DATED this 29th day of September 29, 2026.

Respectfully submitted,

/s/ Tammy Blakey
Tammy Blakey
Sole Shareholder and Authorized Representative
Flying T Ranch, Inc.
18814 SR 530 NE
Arlington, WA 98223
425-387-1966
TB18808@aol.com

## CERTIFICATE OF SERVICE AND WORD COUNT

I hereby certify that on this 29th day of September 2026, I electronically filed and served the foregoing with the Clerk of the Court for the United States District Court for the Western District of Washington using the CM/ECF system. The word count is 1189 words.

Dated this 29th day of September 2026, at Arlington, Washington.

*/s/ Tammy Blakey*
Tammy Blakey, Pro Se
18814 SR 530 NE
Arlington, WA 98223
425-387-1966
TB18808@aol.com