The Honorable Ricardo S. Martinez

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TAMMY BLAKEY et al.,<br>Defendants. | No. 2:23-cv-01910-RSM<br>**DECLARATION OF TAMMY BLAKEY IN OPPOSITION TO OJALA LAW'S MOTION TO WITHDRAW AS COUNSEL FOR FLYING T RANCH, INC.**<br>**NOTE ON MOTION CALENDAR: October 16, 2026** |

**<u>DECLARATION OF TAMMY BLAKEY</u>**

1. I am an officer and principal of Flying T Ranch, Inc. ("Flying T"). I submit this declaration in opposition to the Motion to Withdraw filed by Peter Ojala and Ojala Law Inc., P.S. ("Ojala Law"). I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2. Ojala Law has represented Flying T since approximately September 2024. Flying T retained Ojala Law to defend the corporation throughout this litigation. At no time was it



**TAMMY BLAKEY**
**18814 SR 530 NE**
**ARLINGTON, WA 98223**
**T: 425-387-1966**
**TB18808@AOL.COM**

my understanding that Ojala Law's representation was limited solely to settlement efforts.

3. Throughout the litigation, I relied on Mr. Ojala and Ojala Law to protect Flying T's interests and provide competent legal representation. During much of the case, my employment required me to work extensive hours and was unable to closely monitor every aspect of the litigation. Although I reviewed the Requests for Admission ("RFAs"), I am not an attorney and did not understand the full legal significance of the admissions, their potential effect on Flying T's defenses, or the legal elements of the United States' claims. I therefore relied on Ojala Law to exercise professional judgment, conduct appropriate due diligence, and ensure Flying T's legal positions were accurately protected.

4. By May 2025, I had become aware from a third party who reviewed what Mr. Ojala had filed that Flying T's RFA responses contained admissions that could materially impair the corporation's defenses. I also learned that certain terms and definitions contained in the RFAs were inaccurate or did not accurately describe the property and other matters at issue. Despite those concerns, admissions were served based upon those inaccurate definitions. I further became concerned that admissions had been made before Flying T had received a complete presentation of the United States' claims and supporting evidence. In my view, those admissions unnecessarily exposed Flying T to substantial prejudice.

5. Upon learning of these issues, I immediately requested that Ojala Law take corrective action by seeking to amend, withdraw, or otherwise correct the admissions. Mr. Ojala



**TAMMY BLAKEY**
**18814 SR 530 NE**
**ARLINGTON, WA 98223**
**T: 425-387-1966**
**TB18808@AOL.COM**

agreed that the admissions and responses needed to be amended and acknowledged before the close of discovery that corrective action was necessary to protect Flying T's defenses and ensure the case would be decided on its merits.

6. Despite recognizing before the May 30, 2025, discovery deadline that the admissions and responses required amendment, Ojala Law did not file the motion seeking relief from the admissions until June 9, 2025, approximately ten days after discovery closed. To my knowledge, no explanation for that delay was provided to Flying T or the Court. The Court subsequently denied relief, at least in part, because the motion was filed after the discovery deadline had expired.

7. Before Ojala Law filed its Motion to Withdraw, I specifically requested that the firm postpone any withdrawal request until the Court ruled on the pending motions. The case is effectively at a standstill, and I was concerned that withdrawal before those rulings would unnecessarily prejudice Flying T.

8. Flying T, as a corporation, cannot appear pro se in federal court and that replacement counsel would require substantial time to become familiar with the extensive factual record, discovery history, pleadings, motions, and procedural posture of this case. I explained to Ojala Law that the pending motions had already been filed and requested that Ojala Law remain counsel of record until the Court ruled on those motions to avoid prejudice to Flying T. Despite my request, Ojala Law proceeded with filing the Motion to Withdraw.

9. Ojala Law filed its Motion to Withdraw while significant matters remained pending before the Court, including the pending summary judgment motions and other motions



TAMMY BLAKEY
18814 SR 530 NE
ARLINGTON, WA 98223
T: 425-387-1966
TB18808@AOL.COM

affecting Flying T's defenses. Ojala Law possesses substantial knowledge regarding the facts, discovery, pleadings, procedural history, and legal issues involved in this case. Any substitute counsel would require significant time and expense to acquire the same understanding.

10. While Ojala Law provided notice that Flying T must retain substitute counsel, such notice does not eliminate the prejudice caused by withdrawal at this stage of the proceedings. Withdrawal would likely result in delay, increased expense, disruption of Flying T's defense, and substantial prejudice to Flying T's ability to protect its rights and interests.

11. Flying T has not abandoned its defense of this action and remains committed to fully defending against the claims asserted against it.

12. To my knowledge, I have never instructed Mr. Ojala or Ojala Law to engage in unlawful conduct or to violate any ethical or professional obligation. Nothing in this declaration is intended to waive any attorney-client privilege or require disclosure of privileged communications.

13. I believe withdrawal at this stage would be particularly prejudicial because Flying T relied on Ojala Law's handling of critical litigation decisions, including the preparation and service of the RFA responses, the decision to serve admissions based on inaccurate definitions, and the delayed filing of corrective motions after discovery had expired. The resulting denial of relief from those admissions has already prejudiced Flying T. Because the consequences of those decisions remain at issue in this litigation, replacing



**TAMMY BLAKEY**
**18814 SR 530 NE**
**ARLINGTON, WA 98223**
**T: 425-387-1966**
**TB18808@AOL.COM**

counsel at this stage would further prejudice Flying T by requiring new counsel to become familiar with those matters while significant motions remain pending.

14. For these reasons, I respectfully request that the Court deny the Motion to Withdraw. Alternatively, if the Court permits withdrawal, I respectfully request that the effective date of withdrawal be deferred until the Court has ruled on the pending motions and Flying T has had a reasonable opportunity to retain substitute counsel and accomplish an orderly transition of representation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 29th day of September 2026, at Arlington, Washington.

*/s/ Tammy Blakey*

Tammy Blakey, Pro Se
18814 SR 530 NE
Arlington, WA 98223
425-387-1966
TB18808@aol.com