The Honorable Ricardo S. Martinez

Peter C. Ojala, WSBA No. 42163
Ojala Law Inc., P.S.
PO Box 211
Snohomish, WA 98291
360 568 9825
peter@ojalalaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TAMMY BLAKEY and FLYING T RANCH, INC.,<br><br>Defendants. | CASE NO. 2:23- CV-1910-RSM<br><br>**REPLY IN SUPPORT OF OJALA LAW'S MOTION TO WITHDRAW**<br><br>**NOTE ON MOTION CALENDAR: October 16, 2026** |

## I. INTRODUCTION

The United States has not filed a response to Ojala Law's Motion to Withdraw. Ojala Law understands the United States takes no position on the Motion or the relief requested.[1]

[1] Ojala Law bases this understanding on statements made by counsel for the United States during an October 7, 2026 video conference attended by counsel for the United States and Ms. Blakey.

Flying T, through Tammy Blakey, and Ms. Blakey individually (referred to collectively herein as "Ms. Blakey") filed an opposition to the Motion, supported by Ms. Blakey's Declaration. Dkts. 139, 139-1. Ms. Blakey does not contend that Ojala Law may never withdraw as counsel,[2] but opposes withdrawal at this time.

In support of that opposition, Ms. Blakey now affirmatively alleges under oath that Ojala Law's handling of "critical litigation decisions" (citing the RFA responses and the timing of "corrective" action) has "already prejudiced Flying T," and that "the consequences of those decisions remain at issue in this litigation..." Blakey Decl. ¶ 13 (Dkt. 139-1). Ojala Law does not intend to address the merits of those assertions here. T Their existence, however, further demonstrates why continued representation should not be compelled.

Ms. Blakey nevertheless asks the Court to defer withdrawal until after: (1) the pending dispositive and expert-related motions are resolved; (2) Flying T retains replacement counsel; and (3) replacement counsel thereafter has had a reasonable opportunity to prepare and assume the representation. Resp. at 2, 6–7 (Dkt. 139). Respectfully, if Ms. Blakey does not oppose Ojala Law ultimately withdrawing, the more sensible course is to permit that transition now rather than defer it to some later, contingent, and undefined point in the future. Her proposed deferral would not meaningfully alleviate the transition concerns she identifies; it would merely postpone (and likely exacerbate) them until a later stage when the case may be more active, potentially closer to trial, and the resulting disruption greater.

---

[2] "Flying T does not contend that [Ojala Law] may never withdraw." Resp. at 1 Dkt. 139



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

Ojala Law recognizes that there is never an ideal time for counsel to withdraw and candidly acknowledges that the timing here is far from ideal. Regrettably, however, Ojala Law has determined, in the exercise of its professional judgment, that withdrawal must be sought, and the allegations now advanced in Ms. Blakey's Declaration only reinforce that determination. Ojala Law respectfully submits that this present procedural lull provides the least disruptive opportunity for Flying T to retain substitute counsel and for an orderly transition to occur before the Court's rulings trigger the next phase of the litigation. The Motion should therefore be granted, subject to Ojala Law's proposed transition period or such other *definite* transition period as the Court deems appropriate.

## II. ARGUMENT ON REPLY

### A. The Present Procedural Posture Favors a Definite Transition Now, Not an Open-Ended Deferral.

The relevant factors favor permitting withdrawal now. In evaluating a motion to withdraw, courts in this District consider "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Jinni Tech, Ltd. v. RED.com, Inc.*, No. C17-0217JLR, 2019 WL 2578591, at *2 (W.D. Wash. June 24, 2019) (quoting *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014))

Here, there is no trial date. The Court vacated the prior trial date and associated pretrial deadlines and directed that a new schedule be proposed after resolution of the pending motions. Dkt. 133 at 3–4. Discovery is complete, and the parties' dispositive



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

motions are fully briefed and awaiting decision. Dkt. 137 at 5. Ms. Blakey acknowledges the same procedural posture. Resp. at 2 (Dkt. 139).

That posture makes the present period the least disruptive opportunity for a transition. Once the pending motions are resolved, the litigation may enter a new phase, with the Court establishing a new schedule and the parties potentially facing renewed pretrial and trial obligations. Waiting until then would not eliminate the transition concerns identified by Ms. Blakey; it would merely postpone and potentially exacerbate them.

The same is true of Ms. Blakey's concern that substitute counsel will require time to become familiar with the record. Resp. at 3–4 (Dkt. 139); Blakey Decl. ¶¶ 9–10 (Dkt. 139-1). That transition burden exists whenever substitute counsel appears. Postponing withdrawal will not reduce the case history new counsel must learn (but it may create more). If substitute counsel appears, Ojala Law will cooperate in accomplishing an orderly transition. Dkt. 137 at 6.

Ms. Blakey's reliance on *3M Co. v. AIME LLC* does not dictate a different result. See Resp. at 5 (Dkt. 139). In *3M*, the Court denied withdrawal without prejudice while summary judgment remained pending where, among other circumstances, trial was already set for April 3, 2023, and withdrawal threatened disruption to an existing case schedule. *3M Co. v. AIME LLC*, No. 2:20-cv-01096-TL, 2023 WL 1863517, at *1–2



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

(W.D. Wash. Feb. 9, 2023). Here, by contrast, there is no imminent trial date or associated case schedule deadlines.

Finally, although Ms. Blakey characterizes her requested relief as a "limited deferral," Resp. at 4 (Dkt. 139), the relief she actually requests contains no definite end date. It would require Ojala Law to remain counsel until the Court resolves multiple pending motions, then until Flying T retains replacement counsel, and then for an additional undefined period while replacement counsel prepares to assume the representation. Resp. at 5–6 (Dkt. 139). Respectfully, that is neither a definite nor meaningfully limited transition period. The Court should decline to defer withdrawal on those terms.

**B. Ms. Blakey's Opposition Materials Demonstrate Why Continued Representation Should Not be Compelled**

Ms. Blakey has now alleged under oath that Ojala Law's handling of what she calls "critical litigation decisions" (citing RFA responses and the timing of "corrective" motions) caused "substantial prejudice" to Flying T, and she expressly states that "the consequences of those decisions remain at issue in this litigation." Blakey Decl. ¶ 13, Dkt. 139-1. She further alleges that Ojala Law recognized before the discovery deadline that corrective action was necessary but did not seek relief until after that deadline expired. *Id.* ¶¶ 5–6. 139-1



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

Ojala Law does not believe it is necessary or appropriate to litigate the merits of those accusations in connection with this Motion. Their significance here is simply that they are evidence of the breakdown in the attorney-client relationship.

Courts in this District recognize that an irreconcilable conflict or breakdown in the attorney-client relationship may constitute a proper basis for withdrawal, even where counsel's confidentiality obligations limit the details that can be publicly disclosed. In *Slack v. Kariko*, the court held that an "irreconcilable conflict as to tactics and strategy preventing proper and effective representation" constituted a proper basis for withdrawal, while recognizing that disclosure of the underlying details could implicate RPC 1.6 and that the absence of such detail did not preclude withdrawal. No. C20-05508-RSM-SKV, 2022 WL 1546676, at *2 (W.D. Wash. Apr. 25, 2022).

This Court recently applied the same principle in *Amazon.com, Inc. v. Goyal*, observing that "the absence of detail . . . does not preclude an order allowing for the attorney's withdrawal" and finding no reason to doubt counsel's representation that an "irreparable breakdown" in the attorney-client relationship had occurred. No. C24-880-RSM, Dkt. 50 at 3 (W.D. Wash. May 5, 2026).

The same considerations apply here, consistent with RPC 1.16. Subject to the Court's authority under RPC 1.16(c), withdrawal is required where continued representation would result in violation of the Rules of Professional Conduct or other law. RPC 1.16(a)(1), (c). Mr. Ojala has made that professional determination here and has



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

offered to provide additional information *in camera* or through another non-public procedure at the Court's request. Ojala Decl. ¶¶ 5, 7 (Dkt. 138).

Ms. Blakey's opposition does not undermine that determination. If anything, it merely reinforces why requiring the attorney-client relationship to continue is neither appropriate nor workable.

## III. CONCLUSION

For the foregoing reasons, Ojala Law respectfully requests that the Court grant its Motion to Withdraw as counsel for Flying T Ranch, Inc., subject to the proposed transition period or such other definite transition period as the Court deems appropriate.

DATED 16th day of October, 2026.

OJALA LAW INC., P.S.

*/s/ Tanner J. Hoidal*
Peter C. Ojala, WSBA #42163
Tanner J. Hoidal, WSBA #56660



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com

**WORD COUNT AND SERVICE CERTIFICATE**

The undersigned certifies that that the foregoing memorandum contains 1,333 words, excluding the case caption, signature blocks, and this certificate, in compliance with the Local Civil Rules.

The undersigned further certifies, under the penalty of perjury of the laws of the United States of America, that, on October 16, 2026, the undersigned caused true and correct copies of the foregoing Reply, to be served upon Flying T Ranch, Inc. via email to Tammy Blakey at: tb18808@aol.com

The undersigned further certifies that the foregoing documents were served upon all other parties/their counsel through the Court's CM/ECF system.

DATED this 16th day of October, 2026.

*/s/ Tanner J. Hoidal* __________
Tanner J. Hoidal, WSBA #56660



OJALA LAW
INC PS
PO BOX 211
SNOHOMISH, WASHINGTON 98291
PHONE (360) 568-9825 peter@ojalalaw.com