**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAMMY BLAKEY et al.,<br><br>Defendants. | No. 2:23-cv-01910-RSM<br><br>**DECLARATION OF TAMMY BLAKEY IN SUPPORT OF DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT WITH NEWLY DISCOVERED EVIDENCE FOR THE SUMMARY-JUDGMENT RECORD AND FOR SUMMARY JUDGMENT ON PROSPECTIVE RELIEF**<br><br>**Calendar Note Date: November13, 2026** |

I, Tammy Blakey, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am over eighteen years of age, competent to testify, and have personal knowledge of the matters stated herein.
2. I am familiar with the properties involved in this action.
3. The United States' Complaint identifies three contiguous properties associated with the alleged site. *See* United States v. Blakey, No. 2:23-cv-01910-RSM, Dkt. 1 ¶ 22.

4. On October 18, 2026, I reviewed the Washington Recreation and Conservation Office ("RCO") online project records concerning the Stillaguamish Tribe's restoration project and access arrangements, available at: RCO Project Records. https://secure.rco.wa.gov/prism/search/ProjectSnapshotAttachmentData.aspx?id=727585

5. The RCO records identify three property owners associated with the project or its access route. Flying T Ranch, Inc. is not identified as one of those property owners.

6. The records do not identify Flying T Ranch, Inc. as the owner of property to be used for project staging, equipment access, or a bridge crossing.

7. This information is significant because prior project discussions contemplated the possible use of Flying T Ranch property for access.

8. In an October 10, 2026, project submittal, Mr. Griffith stated that he was obtaining, or seeking to obtain, a memorandum of understanding with Snohomish County concerning project access. The report stated:

"Assumptions and Constraints. What are the assumptions and physical constraints that could impact whether you achieve your objectives? Assumptions and constrains are external conditions that are not under the direct control of the project, but directly impact the outcome of the project. These may include ecological and geomorphic factors, land use constraints, public acceptance of the project, delays, or other factors. How will you address these issues if they arise?

We assume we can secure the necessary permits (including Conditional Letter of Map Revision (CLOMR)) and full funding to complete the floodplain restoration project described in this application. We also assume that we can negotiate a Memorandum of Understanding (MOU) with Snohomish County to place a temporary bridge on their land to bring in large wood and equipment across the North Fork Stillaguamish to the Tribe'sCicero Floodplain project site. Based on our track record on this type of work to date (similar to Trafton Floodplain Restoration), we think that these are reasonable assumptions."

9. A July 26, 2024, communication from the Stillaguamish Tribe to the Department of Justice requested temporary access through Flying T Ranch property for equipment and large-wood mobilization, including access through the Flying T Ranch field to a river-right gravel bar and a river crossing. *See*, Dkt. 51 at 9.

10. The current RCO records differ from the Tribe's earlier request for access through Flying T Ranch property and indicate that the identified project access arrangements do not include Flying T Ranch.

11. This distinction is material because this Clean Water Act action concerns alleged activities on or near Flying T Ranch property in 2018 and 2019, whereas the Tribe's proposed staging area and bridge crossing relate to a separate restoration project.

12. The RCO records and Mr. Griffith's statement support the conclusion that project access, staging, and bridge-crossing arrangements were expected to be secured through agreements involving property other than Flying T Ranch.

13. On March 26, 2026, Laura Glickman asked me what the parcels at issue were worth and whether I would sell them. When I responded that I would not sell the parcels, she asked why I would not do so. I considered this discussion significant because it concerned the ownership and potential acquisition of the parcels involved in this litigation.

14. I submit this declaration to clarify the property ownership and access issues reflected in the public project records and discovery materials. The Court may review the referenced RCO records directly through the online link identified above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 19th day of October 2026, at Arlington, Washington.

/s/ Tammy Blakey
Tammy Blakey, Pro Se
18814 SR 530 NE
Arlington, WA 98223
Telephone: 425-387-1966
TB18808@aol.com