**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

UNITED STATES OF AMERICA,

Plaintiff,

v.

TAMMY BLAKEY et al.,

Defendants.

No. 2:23-cv-01910-RSM

**UNITED STATES' RESPONSE TO DEFENDANT BLAKEY'S SECOND MOTION FOR SUMMARY JUDGMENT OR TO SUPPLEMENT RECORD**

Noting Date: Nov. 16, 2026[1]

Since becoming pro se in this case, Defendant Tammy Blakey has filed over 50 docket entries, including multiple motions to dismiss after the answer deadline, multiple motions to stay, multiple motions for disqualification, and a motion for Rule 11 sanctions against the United States. The Court has already stricken one such motion to dismiss as duplicative, Order, Dkt. No. 106, and warned Ms. Blakey against future duplicate filings multiple times, including in its most recent order where the Court stated that it would "yet again, deny Defendant's request and advise the parties to refrain from filing duplicative motions." Order, Dkt. No. 133 at 2.

[1] Ms. Blakey noted her Motion for November 13, 2026, but the requested relief is summary judgment and motions for summary judgment are 28-day motions. Local Rules W.D. Wash. LCR 7(d)(4). 28 days from filing on October 19 is November 16, 2026.



U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

Undeterred, Ms. Blakey has filed a second motion for summary judgment and/or to supplement the existing summary judgment record, long after the deadline for dispositive motions has passed and while her first motion is still pending, and included duplicative arguments unrelated to the purported new evidence that forms the basis of her Motion. Dkt. No. 141 ("Motion" or "Mot.").

The Court should deny the Motion and relieve the United States from responding to further duplicative motions filed by Ms. Blakey.

**BACKGROUND**

This case concerns Clean Water Act Sections 301 and 404, 33 U.S.C. §§ 1311, 1344. Under the Act's regulatory scheme, no person may discharge fill or dredged material into waters of the United States without first obtaining a permit from the United States Army Corps of Engineers. *Id.*

In its Complaint, the United States alleges that Defendants violated this standard when they used heavy machinery to dump concrete and rock into the North Fork Stillaguamish River from the banks of their property near Arlington, Washington. Dkt. No. 1. Defendants, then both represented by counsel, timely answered the Complaint. Dkt. Nos. 6, 7. The case proceeded to settlement talks that abruptly ended when Defendants terminated their first retained counsel. Dkt. No. 16. From that point on, the Parties moved forward with discovery to avoid further delay. Dkt. No. 18.

Once litigation resumed, the Court bifurcated fact and expert discovery. Order, Dkt. No. 19. Fact discovery closed on May 30, 2025. Order, Dkt. No. 25. On June 10, 2025, Ms. Blakey's counsel moved to withdraw because she sought to represent herself. Dkt. No. 28. Ms. Blakey then lodged a pro se motion to dismiss the Complaint. Dkt. No. 29. She argued that (1) the United States lacked standing, (2) the Court lacked subject matter jurisdiction, and (3) the statute of limitations had expired. *Id.* Ms. Blakey also moved to disqualify undersigned counsel and the United States' expert witness, moved for Rule 11 Sanctions, and moved for a stay pending the



U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

Supreme Court's ruling in *United States v. Bayley*, No. 3:20-cv-05867-DGE (W.D. Wash.).[2] Dkt. Nos. 51, 57, 65.

The Court denied all those motions on January 14, 2026. Order, Dkt. No. 76. Nine days later, Ms. Blakey moved for summary judgment. Dkt. No. 84. Once again, she argued that (1) the United States lacked standing, (2) the Court lacked subject matter jurisdiction, and (3) the statute of limitations had expired. *Id.* The United States timely opposed that motion and cross-moved for summary judgment on liability, explaining once again why Ms. Blakey's standing and subject matter jurisdiction arguments were in error. Dkt. No. 86.

Discovery closed on March 27, 2026, and the deadline for dispositive motions was April 19, 2026. Order, Dkt. No. 76. All three parties have outstanding motions for summary judgment on liability briefed and ready for decision. Dkt. Nos. 84, 86, 110. Once the Court rules on those motions, the case will either be dismissed, or the Parties will be ready to proceed with the litigation. *See* Order, Dkt. No. 133 (vacating trial date pending rulings on summary judgment and *Daubert* motions).[3]

Ms. Blakey has now filed a second motion for summary judgment, styled in part as a motion to supplement the record, this time against the United States' prospective injunctive relief. Mot. at 3. Ms. Blakey asserts that new evidence relevant to the Court's remedy decision has come to light that forecloses that relief, notwithstanding that the competing summary judgment motions concern only liability and the Parties have not yet briefed nor tried remedy. Mot. at 7–9. Ms. Blakey also repeats her previous arguments about the United States' standing, Mot. at 9–12, certain Snohomish County proceedings, Mot. at 12–13, and the effect of an administrative case closure at the U.S. Army Corps of Engineers, Mot. at 13.

---

[2] The Supreme Court denied the petition for certiorari. Order, *Bayley v. United States*, No. 25-700 (U.S. Feb. 23, 2026), Dkt. No. 6.

[3] In this order, the Court denied the United States' first request for protective relief against responding to duplicative motions "at this time." Order, Dkt. No. 133 at 2.



U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

## ARGUMENT

Ms. Blakey's Motion contains nine requests for relief that can largely be grouped into two concrete requests asking the Court to grant: (1) leave to supplement the summary judgment record, and (2) partial summary judgment against hypothetical prospective equitable relief the United States might seek if it prevails on its argument for Clean Water Act liability. Mot. at 14–15. The Court should deny the Motion because, to the extent it is a second motion for summary judgment, it is untimely, and, to the extent it is a motion to supplement the record, it is irrelevant to the pending summary judgment motions and prematurely seeks relief related to a potential remedy phase of proceedings.

Moreover, because the Motion yet again includes duplicative arguments and grounds for relief that the Court has repeatedly rejected and warned against reasserting, the Court should deny the Motion and exercise its inherent authority to control vexatious litigation by relieving the United States from responding to further dispositive motions, stay motions, or sanctions motions filed by Ms. Blakey unless the Court orders otherwise.

### A. Insofar as the Motion Seeks Summary Judgment, the Court Should Deny it as Untimely.

Ms. Blakey's Motion seeks dispositive relief against the United States by requesting partial summary judgment on all prospective relief on the ground that the United States lacks standing. Mot. at 9–12. But the deadline for dispositive motions was April 19, 2026, and has long since passed. Order, Dkt. No. 76. The Court should deny the Motion rather than permit Ms. Blakey to continue bringing "partial" summary judgment motions while the Parties' three summary judgment motions on liability are all pending.

Alternatively, if the Court determines that the Motion is not untimely, the Court should deny the Motion as duplicative. As detailed in the Background section, Ms. Blakey has extensively argued that the United States lacks standing in her previous filings, *see, e.g.*, Dkt. Nos. 29, 84, 109, and the proffered new evidence has no bearing on that argument because the Stillaguamish Tribe's access to land is irrelevant to the United States' standing.



U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

Alternatively, if the Court determines that the Motion is neither untimely nor duplicative, it should defer ruling on the Motion until after the remedy phase of proceedings, when the Parties will either brief or try remedy to the Court if it decides the liability question in the United States' favor. *See* Dkt. No. 86 at 3 (seeking partial summary judgment on liability so that the case can proceed to litigating remedy).

Finally, if the Court determines that the Motion is not barred for the reasons above, it should deny the Motion on the merits because the United States has standing to redress violations of the Clean Water Act. *See* Order, Dkt. No. 76 at 4 ("The C[lean] W[ater] A[ct] empowers the EPA to bring civil enforcement actions in U.S. district courts for unlawful discharges of dredge or fill material."); *see also* Dkt. No. 86 (United States' response to Ms. Blakey's motion for summary judgment). Moreover, to the extent that Ms. Blakey is seeking to foreclose the United States' ability to seek injunctive relief that would give the Stillaguamish Tribe access to the Site,[4] the United States has never sought that relief, is not seeking that relief prospectively, and has disclaimed such relief in previous court filings, so that issue is not in dispute in this case. *See* Dkt. No. 53 ¶ 24.

### B. Insofar as the Motion Seeks to Supplement the Summary Judgment Record, the Court Should Deny it as Irrelevant.

Ms. Blakey's Motion alternatively seeks to supplement the summary judgment record with information about how the Stillaguamish Tribe is not crossing land with disputed title at the Site. The Court should deny this aspect of the Motion as irrelevant because the pending summary judgment motions have nothing to do with Stillaguamish Tribe access to the Site.

The pending summary judgment motions all concern liability, not remedy. Thus, the only questions presented in those motions are (1) whether undisputed evidence demonstrates a Clean Water Act violation, and (2) whether undisputed evidence demonstrates that affirmative or

---

[4] "Site" has the same meaning as in previous briefing; it describes the area where the Clean Water Act violations took place. *See* Dkt. No. 86 at 6–7.



U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

jurisdictional defenses defeat the United States' claim notwithstanding a prima facie Clean Water Act violation. *See* Dkt. Nos. 84, 86, 110. How or whether the Stillaguamish Tribe is using or accessing the Site is irrelevant to the United States' prima facie case, the Court's jurisdiction, or any affirmative defense, so supplementing the record with that information would be inappropriate.

### C. The Court Should Relieve the United States from Responding to Certain Further Motions Unless Ordered to Do So by the Court.

Finally, given Ms. Blakey's history of vexatious litigation conduct in this case, namely, filing duplicative motions to dismiss and for summary judgment, plus filing baseless motions seeking stays, Rule 11 sanctions, and disqualification, it seems likely that Ms. Blakey will continue to file duplicative and baseless motions without waiting for the Court's ruling on the fully briefed cross-motions for summary judgment. Indeed, Ms. Blakey has continued to do so by filing this Motion despite the Court's admonishing her to cease making duplicative arguments. Order, Dkt. No. 133 at 2. The United States therefore requests that the Court issue an order relieving the government from responding to any forthcoming dispositive motions, stay motions, or sanctions motions until ordered to do so by the Court.

The All Writs Act, 28 U.S.C. § 1651(a), provides this Court "with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Ms. Blakey's Motion rehashing arguments she has already presented and lost is improperly duplicative in addition to being legally meritless. *See, e.g.*, *Mills v. Jones*, No. 1:21-cv-01193-DAD-HBK, 2022 WL 993065, at *2 (E.D. Cal. Apr. 1, 2022) ("Plaintiff is cautioned [that] because of his litigious behaviour—filing duplicative motions, filing premature motions, filing duplicative motions a few days apart, filing motions that have little to no success on the merits, and filing improper motions—he is on the verge of being sanctioned."); *Tagle v. Nevada*,



U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

No. 2:15-cv-00216-JCM-PAL, 2016 WL 6440423, at *2 (D. Nev. Oct. 27, 2016) ("[F]iling duplicate motions increases the court's workload and generally delays decision while a new round of responses and reply deadlines run.").

In view of Ms. Blakey's conduct, the Court should adopt a proportionate response. Her successive and duplicative motions essentially ask the Court to reconsider its prior rulings without adding anything new of substance. They are therefore in the nature of motions for reconsideration, which require no response from the non-movant under the Local Rules, unless the court orders a response. Local Rules W.D. Wash. LCR 7(h)(3). Thus, this Court should order that the United States need not respond to another dispositive or duplicative motion from Ms. Blakey until the Court directs otherwise. *See, e.g.*, Order, *Bayley*, No. 3:20-cv-05867-DGE, Dkt. No. 320 ("Plaintiff need not respond to further post-judgment motions from Mr. Bayley unless the Court orders otherwise.").

## CONCLUSION

The Court should deny the Motion and relieve the United States from responding to further dispositive motions (including full or partial motions to dismiss or for summary judgment), stay motions, sanctions motions, or other duplicative motions filed by Defendant Blakey until ordered to do so by the Court.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division



U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544

OF COUNSEL:

PATRICK B. JOHNSON
Senior Water Law Attorney
United States Environmental Protection Agency
Region 10, Alaska Operations Office
222 West 7th Avenue, No. 19
Anchorage, Alaska 99513
(907) 271-3914
johnson.patrick@epa.gov

*/s/ Daniel J. Martin*
LAURA J. GLICKMAN
DANIEL J. MARTIN
Environmental Defense Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 514-6390 (Glickman)
(202) 307-1056 (Martin)
Laura.Glickman@usdoj.gov
Daniel.Martin3@usdoj.gov

*Attorneys for the United States of America*

**CERTIFICATES OF SERVICE AND WORD COUNT**

I hereby certify that on November 3, I electronically filed and served the foregoing Response with the Clerk of the Court for the United States District Court for the Western District of Washington using the CM/ECF system.

I hereby certify that this Response contains 2061 words, excluding the caption, signature blocks, and certificates, in compliance with the Local Civil Rules.

*s/ Daniel J. Martin*
DANIEL J. MARTIN



U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(206) 639-5544