The Honorable Ricardo S. Martinez

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TAMMY BLAKEY et al.,<br>Defendants. | No. 2:23-cv-01910-RSM<br>**DEFENDANT'S REPLY REGARDING THE PETITIOINER'S RESPONSE TO DKT. NO. 141 DEFENDANT'S MEMORANDUM**<br>**Calendar Note Date: November 13, 2026** |

Defendant submits this reply to the United States' response. Dkt. No. 141 was a "memorandum" concerning newly discovered evidence and the potential scope of relief; it was not a second, independent motion for summary judgment. Defendant does not contend that the United States was required to respond to her memorandum. The Court should nevertheless consider the filing according to its actual purpose and should deny the United States' request for a prospective order excusing responses to broad categories of future motions.

**I. DKT. NO. 141 SHOULD BE CONSIDERED ACCORDING TO ITS ACTUAL PURPOSE.**

The United States characterizes Dkt. No. 141 as a second motion for summary judgment that seeks to relitigate standing and other issues already briefed. Dkt. No. 142 at 1–5.



**TAMMY BLAKEY**
**18814 SR 530 NE**
**ARLINGTON, WA 98223**
**T: 425-387-1966**
**TB18808@AOL.COM**

Defendant disputes that characterization. The memorandum concerns evidence she contends became available after the earlier summary-judgment briefing and its possible relevance to the scope of relief if the Court reaches that issue.

Petitioner states that the pending cross-motions concern liability, not remedy, and that the parties have not yet briefed or tried remedy. Id. at 3, 5–6. That point may support reserving a decision about the ultimate remedy until the appropriate stage. It does not require the Court to treat Dkt. No. 141 as a duplicative motion for summary judgment or to disregard the evidence for all purposes.

Defendant is not asking the Court to decide a hypothetical remedy question prematurely. She asks the Court to recognize the limited purpose of the memorandum and, if the remedy issue is not yet ripe for decision, preserve the ability to present the evidence at the appropriate stage.

**II. THE NEW ACCESS EVIDENCE MAY BE RELEVANT TO THE SCOPE OF ANY REMEDY**.

The United States argues that information concerning the Stillaguamish Tribe's access to the Site is irrelevant to liability, jurisdiction, and the pending summary-judgment motions. Dkt. No. 142 at 5–6. Defendant does not contend that the Tribe's access, by itself, resolves the United States' Clean Water Act claims. The evidence is offered for its potential bearing on the necessity and scope of prospective relief, including whether any relief should involve access across land with disputed title.

The United States also states that it has never sought, and is not seeking, an injunction giving the Tribe access to the Site. Id. at 5. That representation narrows the present dispute. If the United States is not seeking that relief, the Court may note the representation and reserve any remedial issue for the proper stage. But the government's statement does not establish that



**TAMMY BLAKEY
18814 SR 530 NE
ARLINGTON, WA 98223
T: 425-387-1966
TB18808@AOL.COM**

the evidence is irrelevant to every possible remedy or justify treating the memorandum as a renewed motion on standing.

Defendant asks the Court to consider the evidence only for the purpose for which it was submitted. If the Court concludes that the evidence does not affect the pending liability motions, it can defer consideration until the remedy phase rather than exclude the evidence categorically.

**III. THE UNITED STATES' REQUEST FOR A PROSPECTIVE ORDER SHOULD BE DENIED OR NARROWLY LIMITED.**

Petitioner asks the Court to excuse it from responding to future dispositive motions, stay motions, sanctions motions, and other duplicative motions unless the Court orders a response. Dkt. No. 142 at 6–7. Defendant understands that the government's request is not an assertion that it had a duty to respond to Dkt. No. 141. She does not claim that the government's decision not to respond to a memorandum, standing alone, violated due process. Indeed, they do not have to respond to a memorandum.

The requested order would go beyond the specific filing at issue and apply prospectively to multiple categories of motions. The Court can address any future filing individually under the applicable rules, determine whether it is duplicative or properly presented, and direct a response when a response would assist the Court. The existing rules already provide procedures for managing motions and for determining whether a response is required.

The United States relies on *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990), and *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007). Those cases concern restrictions on a litigant's access to court. *De Long* requires, among other safeguards, notice and an opportunity to oppose a proposed prefiling restriction, an adequate record, substantive findings concerning frivolousness or harassment, and a restriction narrowly tailored to the



**TAMMY BLAKEY**
**18814 SR 530 NE**
**ARLINGTON, WA 98223**
**T: 425-387-1966**
**TB18808@AOL.COM**

specific conduct identified. 912 F.2d at 1147–48. *Molski* likewise describes procedural and substantive safeguards for prefiling orders. 500 F.3d at 1057–62.

Defendant recognizes that the United States' proposed order is framed as relief from responding unless the Court orders otherwise, not as an express prohibition on her filing. She therefore does not contend that *De Long* or *Molski* automatically controls the request. But those decisions do counsel against relying on broad characterizations of a litigant's filing history to impose prospective restrictions broader than necessary. The Court should deny the request or, at minimum, limit any order to a clearly defined circumstance while preserving the Court's discretion to direct a response.

The Court previously denied the United States' request for protective relief "at this time." Dkt. No. 133 at 2. Defendant respectfully asks the Court to continue to address future filings case by case rather than enter the broad prospective order requested in Dkt. No. 142.

**IV. CONCLUSION**

Defendant respectfully asks the Court to consider Dkt. No. 141 according to its actual purpose a "Memorandum"; to reserve any issue concerning the scope of a remedy for the appropriate stage if necessary; and to deny the United States' request for a prospective order excusing responses to broad categories of future motions. Alternatively, any order should be narrowly limited and should preserve the Court's authority to direct a response when appropriate.

DATED this 3rd day of November 2026.

*<u>/s/ Tammy Blakey__</u>*
Tammy Blakey
18814 SR 530 NE
Arlington, WA 98223
425-387-1966
TB18808@aol.com



**TAMMY BLAKEY**
**18814 SR 530 NE**
**ARLINGTON, WA 98223**
**T: 425-387-1966**
**TB18808@AOL.COM**

CERTIFICATE OF SERVICE AND WORD COUNT

I hereby certify that on November 3, 2026, I electronically filed and served the foregoing Defendant's motion for summary judgement with the Clerk of the Court for the United States District Court for the Western District of Washington using the CM/EMF system.

I hereby certify that this motion contains 956 words excluding the caption, signature blocks, and certificates, in compliance with the Local Civil Rules.

Dated this 3rd day of November 2026, at Arlington, WA. 98223

_*/s/ Tammy Blakey*_

Tammy Blakey Pro-Se
18814 SR 530 NE
Arlington, WA 98223
425-387-1966



**TAMMY BLAKEY
18814 SR 530 NE
ARLINGTON, WA 98223
T: 425-387-1966
TB18808@AOL.COM**